```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 06/09/2026
```

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------------X
                                                              :
JEFFERY G. CARSWELL, et al.,                                  :
                                                              :
                          Plaintiffs,                         :
                                                              :            26-cv-1017 (LJL)
             -v-                                              :
                                                              :         MEMORANDUM AND
U.S. DEPARTMENT OF ENERGY, et al.,                            :             ORDER
                                                              :
                          Defendants.                         :
                                                              :
-------------------------------------------------------------------X

LEWIS J. LIMAN, United States District Judge:

Plaintiffs move for the Court to recuse itself from this matter.  Dkt. No. 24.  The motion is denied.

28 U.S.C. § 455(a) provides that "[a]ny justice, judge, or magistrate judge of the United States shall disqualify himself in any proceeding in which his impartiality might reasonably be questioned," and subsection (b)(1) of that same statute provides that the judge "shall also disqualify himself . . . [w]here he has a personal bias or prejudice concerning a party, or personal knowledge of disputed evidentiary facts concerning the proceeding."  28 U.S.C. § 455(a), (b)(1); *see also United States v. Morrison*, 153 F.3d 34, 48 (2d Cir. 1998) ("A federal judge must recuse herself in any proceeding where her impartiality might reasonably be questioned, [or] where the judge has a personal bias or prejudice concerning a party. . ." (internal quotation marks and citations omitted)).

While section 455(b) "addresses the problem of actual bias," section 455(a) "requires that a judge recuse himself whenever an objective, informed observer could reasonably question the judge's impartiality, regardless of whether he is actually partial or biased."  *United States v. Bayless*, 201 F.3d 116, 126 (2d Cir. 2000) (citing *Liljeberg v. Health Services Acquisition Corp.,*

486 U.S. 847, 860 (1988)).  Thus, under section 455(a), "the existence of the appearance of impropriety is to be determined 'not by considering what a straw poll of the only partly informed man-in the-street would show, but by examining the record facts and the law, and then deciding whether a reasonable person knowing and understanding all the relevant facts would recuse the judge.'" *Id.* at 126–27 (quoting *In re Drexel Burnham Lambert Inc.*, 861 F.2d 1307, 1313 (2d Cir. 1988)); *see also Couri v. Pavia*, 2019 WL 3553357, at *2 (S.D.N.Y. Aug. 5, 2019) (discussing the objective standard for recusal).  "The Second Circuit has cautioned that . . . the grounds asserted in a recusal motion must be scrutinized with care, and judges should not recuse themselves solely because a party claims an appearance of impropriety." *Couri*, 2019 WL 3553357, at *2 (alteration omitted) (quoting *Barnett v. United States*, 2012 WL 1003594, at *1 (S.D.N.Y. Mar. 26, 2012)).

"[R]ecusal motions are committed to the sound discretion of the district court. . . ." *Morrison*, 153 F.3d at 48 (quoting *United States v. Conte*, 99 F.3d 60, 65 (2d Cir. 1996)). "Disqualification is not required on the basis of remote, contingent, indirect or speculative interests." *Bayless*, 201 F.3d at 127 (quoting *Diamondstone v. Macaluso*, 148 F.3d 113, 121 (2d Cir. 1998)).  "A judge is as much obligated not to recuse himself when it is not called for as he is obligated when it is." *In re Drexel Burnham Lambert Inc.*, 861 F.2d at 1312.  "Were it otherwise, recusal motions would become a tool for judge-shopping and impeding the administration of justice." *Couri*, 2019 WL 3553357, at *2 (internal quotation marks omitted).

Plaintiffs' motion is based on the fact that after Defendants were served but before they appeared, the Court in its standard order scheduling an initial pretrial conference extended the time for any Defendant to move to dismiss upon the filing of a letter indicating an intent to file such a motion.  Dkt. No. 16.  It also is based on the fact that the Court denied Plaintiffs' motion

2

for reconsideration of its order grating an extension of the time to respond to the complaint *nunc pro tunc* without waiting a reply in further support of that motion.  Dkt. No. 23.  Plaintiffs asserts that the way in which the Court has "dealt" with the case suggests "a pro-Administration bias." Dkt. No. 24 at 1.

"[C]laims of judicial bias must be based on extrajudicial matters, and adverse rulings, without more, will rarely suffice to provide a reasonable basis for questioning a judge's impartiality."  *Chen v. Chen Qualified Settlement Fund*, 552 F.3d 218, 227 (2d Cir. 2009) (citing *Liteky v. United States,* 510 U.S. 540, 555 (1994)); *accord United States v. Adams*, 955 F.3d 238, 254 (2d Cir. 2020).  The Court extends the time to file a motion to dismiss, rather than requiring a pre-motion letter, because it expects the parties at the initial conference to be prepared to discuss any contemplated motions and because it encourages parties to discuss such motions with one another prior to the initial pretrial conference.  *See* Individual Practices in Civil Cases, Chambers of Lewis J. Liman 4.C.   Plaintiffs have identified no prejudice from the fact that the Court did not await a reply in connection with the motion for reconsideration.  The motion was frivolous on its face.

The motion for recusal is denied.

SO ORDERED.

Dated: June 9, 2026
           New York, New York

_____
           LEWIS J. LIMAN
           United States District Judge

3